UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ANTONIO ORTIZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LAURA CAMPOS, et al.,<br><br>　　　　Defendants. | No.  1:23-cv-00398 JLT GSA (PC)<br><br>ORDER NOTING FOR RECORD THAT PLAINTIFF'S VOLUNTARY DISMISSAL CONSTITUTES STRIKE WITHIN MEANING OF 28 U.S.C. § 1915(g)<br><br>ORDER DIRECTING CLERK OF COURT TO CLOSE CASE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(1)(A)(i)<br><br>(ECF No. 16) |

　　　Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　Plaintiff has filed a notice of voluntary dismissal.  ECF No. 16.  Accordingly, the Clerk of Court will be formally directed to close this case.  In addition, the Court will note for the record that this case constitutes a strike within the meaning of 28 U.S.C. § 1915(g).

I.　　RELEVANT FACTS

　　　On March 11, 2024, Plaintiff's complaint was screened.  ECF No. 14.  In the screening, the Court found that the complaint failed to state a claim upon which relief could be granted.  <u>See</u>

1

1  id. at 5-6.  As a result, Plaintiff was ordered to file an amended complaint and to do so within

2  thirty days.  Id. at 9.

3  Plaintiff failed to file an amended complaint within the time allotted.  Consequently, on

4  April 25, 2024, the Court ordered Plaintiff to show cause why this matter should not be dismissed

5  for failure to prosecute and for failure to obey a court order.  ECF No. 15 at 2.  In the order, as an

6  alternative to filing a showing of cause, Plaintiff was given the opportunity to simply file an

7  amended complaint as he had been previously ordered to do.  See id.

8  On May 6, 2024, instead of filing a showing of cause or filing an amended complaint,

9  Plaintiff filed the instant notice of voluntary dismissal.  ECF No. 16.  In the notice, Plaintiff states

10 that he has made the choice to dismiss the case because the Court's screening order indicates that

11 he cannot not prevail on his claims as presented.  Id.

12 II.  DISCUSSION

13 A.  Applicable Law:  28 U.S.C. § 1915(g)

14 28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A dismissal counts as a strike under Section 1915(g) "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint" regardless of whether the case was dismissed with or without prejudice.   Harris v. Mangum, 863 F.3d 1133, 1142-43 (9th Cir. 2017).  "When [] review[ing] a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial."  El-Shaddai v. Zamora, 833 F.3d 1036, 1042 (9th Cir. 2016) (brackets added); see Windham v. Franklin, No. 1:16-cv-05888 SVW JEM, 2018 WL 1626250, at *3 (C.D. Cal. Jan. 25, 2018) (referencing Harris and stating technical reason for

2

dismissal irrelevant under Section 1915(g)). "Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" El-Shaddai, 833 F.3d at 1042 (citations omitted) (quotation marks in original). "A prisoner may not avoid incurring strikes simply by declining to take advantage of these opportunities to amend." Harris, 863 F.3d at 1143.

B. Analysis

In this case, the Court screened Plaintiff's complaint and determined that it failed to state a claim upon which relief could be granted. See generally ECF No. 14. As a result, Plaintiff was ordered to file an amended complaint. Id. When Plaintiff failed to do so, he was given a second opportunity to file amended complaint in lieu of filing a showing of cause why the matter should not be dismissed. See ECF No. 15. Less than two weeks later, instead of either filing an amended complaint or a showing of cause, Plaintiff opted to voluntarily dismiss this matter because "the Magistrate . . . led [him] to believe that [he would] not prevail" in this case. See ECF No. 16 at 1 (brackets added).

Given these facts, consistent with Harris, the dismissal of this case counts as a strike within the meaning of Section 1915(g). See Harris, 863 F.3d at 1142-43. The fact that Plaintiff voluntarily dismissed it after the Court found the complaint failed to state a claim does not change this. See El-Shaddai, 833 F.3d at 1042 (stating style of dismissal or procedural posture is immaterial when determining if dismissal is strike). Therefore, for future reference, this order notes Plaintiff's dismissal as a strike in the record.

Accordingly, IT IS HEREBY ORDERED that:

1. Consistent with Harris v. Mangum, 863 F.3d 1133, 1142-43 (9th Cir. 2017) and El-Shaddai v. Zamora, 833 F.3d 1036, 1042 (9th Cir. 2016), Plaintiff's voluntary dismissal of this matter shall be considered a strike within the meaning of 28 U.S.C. § 1915(g), and

2. Consistent with Plaintiff's filing of a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) (see ECF No. 16), the Clerk of Court shall CLOSE this case.

IT IS SO ORDERED.

    Dated: **May 8, 2024**　　　　　　　　　　**/s/ Gary S. Austin**
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE